UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD ANDREW HUBBARD,<br><br>    Petitioner,<br><br>vs.<br><br>HOWARD YORDY,<br><br>    Respondent. | Case No. 1:15-cv-00157-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Richard Andrew Hubbard filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 3.) Respondent has filed an Answer and Brief in Support of Dismissal (Dkt. 15), and Petitioner has elected not to file a Reply.

Having reviewed the record in this matter and having considered the parties' arguments, the Court finds that oral argument is unnecessary and enters the following Order.

## BACKGROUND

Petitioner is a convicted sex offender who absconded from parole in California and moved to Idaho. (State's Lodging A-2, pp. 2-5.) He was required to, but did not, register as a sex offender in Idaho. (State's Lodging A-1, pp. 4-5.) As a result, he was charged with one count of failure to register as a sex offender under Idaho Code

MEMORANDUM DECISION AND ORDER - 1

§§ 18-8311, 18-8307. (*Id.*)

Petitioner pleaded guilty to the charge. (State's Lodgings A-1, pp. 38-41; A-2, p. 10.) Pursuant to a plea agreement, the prosecutor made a sentencing recommendation, while Petitioner argued for a lesser sentence. Idaho Fourth Judicial District Judge Cheryl Copsey rejected both recommendations and sentenced Petitioner to five fixed years of incarceration, with five years indeterminate. (State's Lodging A-2, pp. 29-34.)

Petitioner filed a direct appeal, raising a double jeopardy claim and an abuse-of-discretion-in-sentencing claim. (State's Lodging B-1.) The Idaho Court of Appeals affirmed Petitioner's sentences, refusing to consider the double jeopardy claim because it was not preserved in the state district court and because he still had an avenue of relief open via Rule 35. (State's Lodging B-4, p. 2.) Petitioner's petition for review was denied by the Idaho Supreme Court. (States' Lodgings B-5, B-6.)

Petitioner next filed a petition for post-conviction relief in the state district court. He raised the double jeopardy claim again, together with a claim that his trial counsel was ineffective for failing to (1) object to erroneous information in the presentence investigation report; (2) object to Judge Copsey's allegedly inflammatory comments during sentencing; and (3) request that Judge Copsey recuse herself from the sentencing phase due to prejudicial comments and beliefs. (State's Lodging C-1, pp. 5-6.)

MEMORANDUM DECISION AND ORDER - 2

Petitioner's post-conviction case was assigned to the same judge who presided over the original criminal proceedings, in accordance with state district court procedures. Petitioner included in his post-conviction petition a request that Judge Copsey recuse herself from the post-conviction proceedings. (*Id.*, p. 7.) He did not file an affidavit stating the factual grounds for disqualification, as required by Idaho Rule of Civil Procedure 40(d)(2)(A)(4), nor did he take steps to obtain and serve a notice of hearing on the disqualification issue, as required by Rule 40(d)(2)(B). (*See* State's Lodging D-4, pp. 2-3.) Judge Copsey did not rule on the recusal request, but appointed counsel for Petitioner, and eventually dismissed his petition. (State's Lodging C-2, pp. 122-129.)

On appeal, Petitioner argued that the state district court erred by failing to rule on the recusal request and dismissing his double jeopardy claim. (State's Lodging D-1.) The Idaho Court of Appeals affirmed, holding that Petitioner's right to be free from double jeopardy was not violated and that the state district court did not have to rule on the recusal motion because it was presented in a procedurally improper manner. (State's Lodging D-4.) The Idaho Supreme Court denied the petition for review, which marked the conclusion of Petitioner's state court matters. (State's Lodgings D-5 and D-6.)

Petitioner brings two claims in his federal Petition for Writ of Habeas Corpus. (Dkt. 3.) He asserts that the trial court violated his double jeopardy rights in sentencing. He also claims that his trial counsel was ineffective for failing to raise certain objections and meeting with him only 10 to 15 minutes at time. (*Id.*) In his Answer, Respondent

MEMORANDUM DECISION AND ORDER - 3

asserts that Petitioner's double jeopardy claim is subject to denial on the merits, and Petitioner's ineffective assistance claims are procedurally defaulted and alternatively subject to denial on the merits.

## STANDARD OF LAW FOR REVIEW OF CLAIMS ON THE MERITS

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the petitioner challenges a state court judgment in which the petitioner's federal claims were adjudicated on the merits, Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies. Title 28 U.S.C.§ 2254(d) limits relief to instances where the state court's adjudication of the petitioner's claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

To assess whether habeas corpus review is warranted, the federal district court reviews "the last state-court adjudication on the merits." *Greene v. Fisher*, 565 U.S. 34, 40 (2011). The deferential standard of section 2254(d) applies regardless of whether the state court decision "is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "When a federal claim has

MEMORANDUM DECISION AND ORDER - 4

been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. When the last adjudication on the merits provides a reasoned opinion, federal courts evaluate the opinion as the grounds for denial. 28 U.S.C. 2254(d).

However, where the state's highest court did not issue a reasoned decision, courts within the Ninth Circuit review the decision of the Idaho Court of Appeals, using the "look through" principle of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), and "presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016).[1]

Where a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court]

---

[1] The United States Supreme Court recently clarified: "In *Ylst*, we said that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits. 501 U.S., at 803, 111 S.Ct. 2590," but that the presumption can be refuted by "strong evidence." *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605–06 (2016).

[has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although it identified "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Richter*, 562 U.S. at 101. The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive

authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for the procedural default of a claim exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1), and the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

# DOUBLE JEOPARDY CLAIM

1.  **Standard of Law Governing Double Jeopardy Claims**

The Double Jeopardy Clause of the Fifth Amendment includes three basic protections: it protects a defendant from (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). This case involves the third protection—Plaintiff claims that the failure-to-register sentence was a second punishment for the underlying crime.

The protection against cumulative punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Johnson*, 467 U.S. at 499. Thus, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The Double Jeopardy Clause is not implicated if the legislature *intended* to impose multiple or cumulative punishments. *Id*. at 367-68.

2.  **Discussion**

Petitioner asserts that the state district court violated his right to be protected from double jeopardy. He bases his claim on statements Judge Copsey made at his failure-to-register sentencing hearing that he believes indicated she was punishing him twice for his

California sex offense. The Idaho Court of Appeals rejected the claim in the post-conviction appeal, reasoning:

> Review of the sentencing hearing reveals that the comments made by the district court pertaining to the underlying lewd and lascivious conviction were primarily *in response to Hubbard's main argument*—that the district court should impose a lenient sentence because Hubbard would be extradited to California upon resolution of this case and expected to serve four years there. Additionally, *consideration of the underlying case by the district court was plainly necessary* to determine the extent of a danger Hubbard posed to society by failing to register as a sex offender and his potential for rehabilitation. The two cases are necessarily intertwined. Furthermore, the district court considered Hubbard's *entire criminal history*. Also before the district court was information regarding Hubbard's probation violations, his termination from sex offender treatment, his prison disciplinary record, and his absconding from parole. Having reviewed the record, the district court did not abuse its discretion in the sentence imposed in this case.
>
> The references made to the underlying conviction from California were in response to Hubbard's attorney arguing that the court should be lenient in the failing to register case. This does not show that the district court punished Hubbard a second time for his previous conduct. Hubbard has failed to show that the district court improperly punished him a second time for past crimes.

(State's Lodging C-4, pp. 6-7 (emphasis added).)

In support of his habeas corpus claim in this action, Petitioner argues:

> As to the facts of this case, it is clear in the court minutes that the prosecutor and judge is talking about my past crimes, my passed polygraph. The judge clearly stated, "I don't care about polygraphs" - # page 29, 30, my primary concern, quite frankly, Mr. Hubbard, is protection of the community. The concerns—I sort of heard a theme there. That, you know, it's the meth, it's the marijuana. Let me tell you something. I run a drug court, almost no one—well, actually no one in my drug court while under the influence of any of those drugs goes out and molests young girls, your

> drugs have nothing to do with it. That was a decision you made and you made it.
>
> The court also reiterated that she "could not trust California to do with it's supposed to do." "I don't feel comfortable trusting California to not allow you out again."
>
> Pg. 33.
>
> "Court quote" "You blame the victim in this case and according to her statements, that abuse started when she was six years old. And there was a second person who came and made allegations."

(Petition, Dkt. 3, pp. 5-6 (verbatim).)

At issue are two different criminal statutes governing two different crimes. Petitioner's punishment for the lewd and lascivious conduct was determined by the state of California. Petitioner committed a different crime—failing to register as a sex offender, that was separately punishable under Idaho law.

In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the United States Supreme Court instructs that the appropriate inquiry to determine whether Congress intended the same conduct to be punishable under two criminal provisions is to ask whether each provision requires proof of a fact which the other does not. The Idaho crime requires proof that Petitioner failed to register as a sex offender, while the California lewd and lascivious conduct crime does not. Therefore, the United States Constitution is not offended when Petitioner received separate punishments for both crimes.

While there is not a specific United States Supreme Court case that governs the question at hand—whether the court can consider the former crime when fashioning a

MEMORANDUM DECISION AND ORDER - 10

punishment for the latter—the case law governing recidivism statutes is analogous and cuts against Petitioner's argument.

The recidivism question is resolved the same way under *Blockburger*—the important question is whether the legislature intended to impose two enhancements or "penalties" when a repeat offender receives a sentence enhancement, not for the underlying crimes, but for *repeating* the crimes. As noted above, if a legislature's intent is to punish twice, then the *Blockburger* rule does not prevent that outcome. *Id*. at 691-94. In *Whalen v. United States*, 445 U.S. 684 (1980), the Court emphasized that the legislature is "clearly free to fashion exceptions to the [*Blockburger*] rule," but a "court, just as clearly, is not." *Id*. at 695. The states are free to punish for lewd conduct *and* for failing to register as a sex offender, because both are intended to be separately punishable offenses. Even under the analogous cases, Petitioner's claim fails.

Because there is no United States Supreme Court addressing a particular circumstance like Petitioner's, habeas corpus relief is unwarranted on that basis. *Cf., e.g., Apprendi v. New Jersey* 530 U.S. 466, 496 (2000) ("recidivism does not relate to the commission of the offense"); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 230, 239-47 (1998) (concluding that a penalty provision that authorizes a court to increase the sentence for a recidivist does not define a separate crime).

Petitioner argues that Judge Copsey should not have discussed his underlying lewd conduct conviction or whether she believed California would simply let Petitioner go free

MEMORANDUM DECISION AND ORDER - 11

again if she placed the entire matter in California's hands. However, Petitioner does not suggest that a sentencing court should use different criteria *other than* his dangerousness to society and his propensity to reoffend as factors to use when sentencing someone under the failure-to-register statute. The Idaho Court of Appeals's analysis makes abundant sense—that the underlying crime and the failure-to-register act are "intertwined." (State's Lodging D-4, p. 7 (quoting the state district court).)

Returning to the analogous recidivism statutes that have been found constitutional, the Court concludes that recidivism sentencing considerations are wholly based upon duplicative and overlapping offenses, while failure-to-register offenses are based both on an old offense and on a completely new act or omission—the failure to register. That additional element leaves no doubt in the Court's mind that the failure-to-register sentencing considerations, as exercised by the state district court in Petitioner's action— pass constitutional muster.[2]

Here, the Idaho Court of Appeals reached an objectively reasonable conclusion on the double jeopardy question. This Court agrees that the Idaho Court of Appeals's decision is in harmony with federal double jeopardy precedent. Based on the foregoing analysis, the Court concludes that habeas corpus relief is not warranted on this claim.

---

2   Petitioner's claims are not to be confused with constitutional claims that being required to register *at all* offends ex post facto, due process, or double jeopardy principles. These arguments have been rejected, but, even so, Petitioner's claims relate specifically to sentencing for failure to register, not whether he should have been obligated to register.

# INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Respondent argues that Petitioner's second claim—that trial counsel was ineffective for failing to raise certain objections and meeting with him only 10 to 15 minutes at time—is procedurally defaulted because Petitioner failed to raise it in briefing before the Idaho Supreme Court.

1. **Law Governing Exhaustion of State Court Remedies**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these

circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, Petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of

underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to a related but different topic–errors of counsel made on post-conviction review that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

*Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9.

The *Martinez* exception[3] applies only to the ineffectiveness of PCR counsel in the initial post-conviction review proceeding. It "does not extend to attorney errors in any

---

[3] *Martinez* applies only if the ineffective assistance of counsel claim is exhausted (no further avenue of state court relief is available) and procedurally defaulted (an adequate and independent state procedural ground for the default exists). If the new claim is unexhausted and not procedurally defaulted,

MEMORANDUM DECISION AND ORDER - 15

proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id*. at 8. Therefore, a petitioner may not use as cause attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id*. at 16.

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see*

---

then the petitioner may be able to return to state court to assert the claim under the stay-and-abey procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005).

*Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

### 2. Discussion of Procedural Default and Merits

In the initial post-conviction petition proceedings, Petitioner was represented by counsel. (State's Lodging C-1, pp. 35-36.) Petitioner *did* raise claims that his trial counsel failed to object to erroneous information contained in the presentence investigation report and to inflammatory comments made by the trial court at sentencing—both of which match up to claims presented in his federal petition. However, after dismissal of these claims by the state district court, Petitioner failed to raise them on appeal. (State's Lodging D-1.) Because it is too late to bring the claims in state court now, they are procedurally defaulted.

Petitioner has not set forth adequate grounds to show that traditional cause and prejudice apply to excuse the default of the claims. In addition, because the claims were defaulted on appeal, rather than in the initial post-conviction action, they are not eligible for the *Martinez v. Ryan* exception.

MEMORANDUM DECISION AND ORDER - 17

Petitioner's other ineffective assistance claim focuses on the lack of time his counsel spent with him to prepare for sentencing. Petitioner has not pointed to any part of the record that shows he brought this claim before the Idaho Supreme Court. Because it is too late to do so now, it is procedurally defaulted. Having searched the record, the Court concludes that Petitioner has not shown that any particular prejudice or harm resulted from counsel not spending enough time with Petitioner. Therefore, Petitioner has not shown that the cause and prejudice exception should be applied to permit the Court to hear the merits of this case.

Alternatively, because Petitioner has made no showing of prejudice, he has not shown that his trial counsel was ineffective for not spending more time with him. *See Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* dictates that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684. *Id*. at 684, 694. Prejudice under these circumstances means there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

The record in this case does not reflect that, had counsel spent more time on the defense, particularly the sentencing issues, with Petitioner, there is a reasonable probability that the outcome would have been different. Petitioner himself does not

enlighten the Court on why additional time was required under the circumstances. Hence, this claim fails on de novo review.

Finally, Petitioner has not shown that he is actually innocent of the failure-to-register charge. Therefore, the miscarriage of justice exception does not apply, either. For these reasons, the ineffective assistance claims are subject to dismissal because they are either procedurally defaulted and/or fail on the merits.

## CONCLUSION

Petitioner's Double Jeopardy claim is denied on the merits. Petitioner's ineffective assistance of counsel claims are procedurally defaulted and subject to dismissal. The ineffective assistance claim that counsel failed to spend enough time with Petitioner on the defense alternatively is denied on the merits. Accordingly, the Petition is subject to denial and dismissal with prejudice.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a

copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

Dated: **October 17, 2017**

Honorable Edward J. Lodge
United States District Judge